JUDGE STEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 3744

------------------------------------------------X

MERCURIA ENERGY TRADING S.A.          :

            Plaintiff,          :

    - against -          :

SAJE SHIPPING (NIGERIA) LTD.          :

            Defendant.          :

------------------------------------------------X



## VERIFIED COMPLAINT

Plaintiff MERCURIA ENERGY TRADING S.A. ("Plaintiff" or "MET"), by and through

its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant

SAJE SHIPPING (NIGERIA) LTD., ("Defendant"), alleges, upon information and belief, as

follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.      At all material times to this action, Plaintiff was the voyage charterer of the Barge

GREAT ("Vessel").

3.      Upon information and belief, at all material times, Defendant was a foreign

corporation or other business entity organized and existing under foreign law with an office and

place of business in Nigeria, and was the disponent owner of the Vessel.

4.      Pursuant to the terms of an ASBATANKVOY charter party with amendments, the

MET chartered the Vessel from the Defendant for a minimum of 3 consecutive voyages with 3

additional consecutive voyages in charterer's option.

5.      The Vessel was classed with ABS as an oceangoing oil tank barge.

6.     The voyages outlined in the charter party were from one safe port Warri to 1 ship to ship transfer Location offshore Escravos (Nigeria).

7.     The Vessel loaded her cargo of condensate and departed Warri without incident.

8.     Upon reaching the breakwaters at Escravos, the barge's tow lines were cut and the Vessel was caused to drift, resulting in her grounding in deep mud.

9.     As a result of this grounding, the Plaintiff, as charterer and cargo owner, incurred significant expenses related to the grounding. The expenses incurred by the Plaintiff include, but are not limited to: shortage of cargo, freight for the transshipment voyage, demurrage, survey fees, extra expense of Port Agents.

10.     The grounding of the Vessel was caused by events that were for the Defendant's account and which are the responsibility of the Defendant.

11.     The losses incurred by the Plaintiff, in the amount of $1,671,054.97, are the responsibility of the Defendant, and despite due demand, the Defendant has failed to reimburse the Plaintiff for these costs and expenses.

12.     The charter party provided that any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

13.     Plaintiff has commenced arbitration in London pursuant to the charter party on its behalf and on behalf of the Plaintiff.

14.     Despite due demand, Defendant has failed to pay the amounts due to the Plaintiff.

15.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, MET and Plaintiff expect to recover the following amounts:

A.     Principal claim:                                   $1,671,054.97

| | | |
|---|---|---|
| B. | Estimated interest on claims:<br>3 years at 6.5%, compounded quarterly | $356,615.80 |
| C. | Estimated fees and costs | $175,000.00 |

**Total**                                                                                           **$2,302,670.77**

16.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

17.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$2,302,670.77.**

B.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant

to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$2,302,670.77** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.    That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: April 21, 2008
      New York, NY

The Plaintiff,
MERCURIA ENERGY TRADING S.A.

By: _____
Claurisse Campanale Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

4

## ATTORNEY'S VERIFICATION

State of New York  )
                   )      ss.:     City of New York
County of New York )

1.   My name is Claurisse Campanale-Orozco.

2.   I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.   I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4.   I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.   The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.   The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.   I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     April 21, 2008
           New York, NY


                                    _____
                                    Claurisse Campanale-Orozco

5